CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6ᵗʰ Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

| | | |
|---|---|---|
| ROBERTO MAHUIZTL-ATILANO, MARGARITO MARTINEZ-ORTEGA, MARINO GUZMAN, JOSE GALVEZ-CALIXTO, SANTIAGO CORTES-DOMINGO, and JESUS GUZMAN, on behalf of themselves and others similarly situated, | : : : : : : | Case No. 18-CV-3689 |
| Plaintiffs, | : : | FLSA COLLECTIVE ACTION and RULE |
| -against- | : : | 23 CLASS ACTION COMPLAINT |
| PIO RESTAURANT, LLC d/b/a LUNA PIENA, and BESIM KUKAJ, | : : : | **Jury Trial Demanded** |
| Defendants. | : | |

-------------------------------------------------------------------------X

Plaintiffs ROBERTO MAHUIZTL-ATILANO, MARGARITO MARTINEZ-

ORTEGA, MARINO GUZMAN, JOSE GALVEZ-CALIXTO, SANTIAGO CORTES-

DOMINGO, and JESUS GUZMAN ("Plaintiffs"), on behalf of themselves and other

similarly situated employees, by and through their undersigned attorneys, Cilenti &

Cooper, PLLC, file this Complaint against defendants PIO RESTAURANT, LLC d/b/a

LUNA PIENA ("LUNA PIENA" or the "Restaurant") and BESIM KUKAJ, (collectively,

the "Defendants"), and state as follows:

## INTRODUCTION

1.      Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), they are entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2.      Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) unpaid "spread of hours" premium for each day they worked a shift in excess of ten (10) hours, (d) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.     Plaintiff, ROBERTO MAHUIZTL-ATILANO, is a resident of Kings County, New York.

6.     Plaintiff, MARGARITO MARTINEZ-ORTEGA, is a resident of Bergen County, New Jersey.

7.     Plaintiffs MARINO GUZMAN, JOSE GALVEZ-CALIXTO, SANTIAGO CORTES-DOMINGO, and JESUS GUZMAN, are each residents of Bronx County, New York.

8.     Defendant, LUNA PIENA, is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business at 243 East 53rd Street, New York, New York 10022.

9.     Defendant, BESIM KUKAJ, is the owner, partner, member, supervisor, managing agent, and proprietor of LUNA PIENA, who actively participates in the day-to-day operation of the Restaurant and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with LUNA PIENA.

10.     Defendant, BESIM KUKAJ, exercises control over the terms and conditions of his employees' employment, in that he has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) create and maintain employment records.

11.     At least within the three (3) most recent years relevant to the allegations herein, LUNA PIENA was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

12.     Defendants have continuously employed Plaintiff, ROBERTO MAHUIZTL-ATILANO, to work as a non-exempt food runner at the Restaurant from in or about January 2015 through the present time.

13.     Defendants have continuously employed Plaintiff, MARGARITO MARTINEZ-ORTEGA, to work as a non-exempt cook and food preparer/kitchen worker at the Restaurant from on or about September 20, 2015 through the present time.

14.     Defendants have continuously employed Plaintiff, MARINO GUZMAN, to work as a non-exempt cook, food preparer/kitchen worker, and dishwasher at the Restaurant from in or about August 2016 through the present time.

15.     Defendants have employed Plaintiff, JOSE GALVEZ-CALIXTO, to work as a non-exempt busboy and food delivery worker at the Restaurant from in or about October 2016 through in or about February 2017, and again from on or about January 26, 2018 through the present time.

16.     Defendants employed Plaintiff, SANTIAGO CORTES-DOMINGO, to work as a non-exempt cook, food preparer/kitchen worker at the Restaurant from in or about February 2018 through on or about March 15, 2018.

17.    Defendants employed Plaintiff, JESUS GUZMAN, to work as a non-exempt busboy and runner at the Restaurant from in or about May 2017 through in or about July 2017.

18.    The work performed by Plaintiffs was and is directly essential to the business operated by Defendants.

19.    Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

20.    Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

21.    Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

22.    Plaintiffs have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

23.    Defendant BESIM KUKAJ actively participates in the day-to-day operation of the Restaurant. For instance, Mr. Kukaj personally supervises and directs the work of the employees, instructs the employees how to perform their jobs, and corrects and/or reprimands the employees for any errors made.

24.    Defendant BESIM KUKAJ creates and implements all business policies and makes all crucial business decisions, including decisions concerning the number of hours the employees work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are to be paid.

25.     In or about January 2015, Defendants hired Plaintiff, ROBERTO MAHUIZTL-ATILANO, to work as a non-exempt food runner at the Restaurant.

26.     Neither at the time of his hire, nor anytime thereafter, have Defendants provided Plaintiff with a written wage notice setting forth, among other things, his regular hourly rate of pay and corresponding regular overtime rate of pay

27.     Plaintiff continues to work for Defendants in that capacity at the present time.

28.     Plaintiff works over forty (40) hours per week.

29.     During the first month of his employment, Plaintiff worked five (5) days per week, and his work schedule consisted of twelve (12) hours per day Tuesday through Saturday from 11:00 a.m. until 11:00 p.m.

30.     During this period, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $200 per week straight time for all hours worked, and worked sixty (60) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

31.     Beginning in or about February 2015 and continuing through the present time, Plaintiff works five (5) days per week, and his work schedule consists of seven and one-half (7½) hours per day Tuesday through Saturday from 4:00 p.m. until 11:30 p.m.

32.     During this period, Plaintiff has not and is not being paid proper minimum wages. During this period, Plaintiff has been and continues to be paid at the rate of $200 per week straight time for all hours worked, and works thirty-seven and one-half (37½) hours per week.

6

33.     Upon paying Plaintiff his wages each week, Defendants failed to provide Plaintiff with wage statements setting forth, among other things, Plaintiff's gross wages, deductions, and net wages.

34.     On or about September 20, 2015, Defendants hired Plaintiff, MARGARITO MARTINEZ-ORTEGA, to work as a non-exempt cook and food preparer/kitchen worker at the Restaurant.

35.     Neither at the time of his hire, nor anytime thereafter, have Defendants provided Plaintiff with a written wage notice setting forth, among other things, his regular hourly rate of pay and corresponding regular overtime rate of pay.

36.     Plaintiff continues to work for Defendants in those capacities at the present time.

37.     Plaintiff works over forty (40) hours per week.

38.     Throughout the entirety of his employment, Plaintiff worked and continues to work six (6) days per week (Tuesday off), and his work schedule consists of twelve (12) hours per day from 11:00 a.m. until 11:00 p.m.

39.     From the beginning of his employment and continuing until on or about March 6, 2018, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $1,000 per week straight time for all hours worked, and worked seventy-two (72) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

40.     Beginning on or about March 7, 2018 and continuing through the present time, Plaintiff has not and is not being paid proper minimum wages and overtime

compensation. During this period, Plaintiff was and continues to be paid at the rate of $700 per week straight time for all hours worked, and works seventy-two (72) hours per week. Work performed above forty (40) hours per week is not paid at the statutory rate of time and one-half as required by state and federal law.

41.     Upon paying Plaintiff his wages each week, Defendants failed to provide Plaintiff with wage statements setting forth, among other things, Plaintiff's gross wages, deductions, and net wages.

42.     In or about August 2016, Defendants hired Plaintiff, MARINO GUZMAN, to work as a non-exempt cook, food preparer/kitchen worker, and dishwasher at the Restaurant.

43.     Neither at the time of his hire, nor anytime thereafter, have Defendants provided Plaintiff with a written wage notice setting forth, among other things, his regular hourly rate of pay and corresponding regular overtime rate of pay.

44.     Plaintiff continues to work for Defendants in those capacities at the present time.

45.     Plaintiff works over forty (40) hours per week.

46.     Throughout the entirety of his employment, Plaintiff worked and continues to work six (6) days per week (Monday off), and his work schedule consists of fourteen (14) hours per day from 9:00 a.m. until 11:00 p.m.

47.     From the beginning of his employment and continuing through in or about December 2017, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $1,000 per week straight time for all hours worked, and worked eighty-four (84) hours per week. Work performed above forty (40)

hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

48.     Beginning in or about January 2018 and continuing through the present time, Plaintiff has not and is not being paid proper minimum wages and overtime compensation.  During this period, Plaintiff was and continues to be paid at the rate of $1,000 per week straight time for all hours worked, and works eighty-four (84) hours per week.  Work performed above forty (40) hours per week is not paid at the statutory rate of time and one-half as required by state and federal law.

49.     Upon paying Plaintiff his wages each week, Defendants failed to provide Plaintiff with wage statements setting forth, among other things, Plaintiff's gross wages, deductions, and net wages.

50.     In or about October 2016, Defendants hired Plaintiff, JOSE GALVEZ-CALIXTO, to work as a non-exempt busboy and food delivery worker at the Restaurant.

51.     At the time of his hire, Defendants failed to provide Plaintiff with a written wage notice setting forth, among other things, his regular hourly rate of pay and corresponding regular overtime rate of pay.

52.     Plaintiff continued to work for Defendants in those capacities until in or about February 2017.

53.     On or about January 26, 2018, Defendants re-hired Plaintiff to work as a non-exempt busboy at the Restaurant.

54.     Neither at the time of his re-hire, nor any time thereafter, did Defendants provide Plaintiff with a written wage notice setting forth, among other things, his regular hourly rate of pay and corresponding regular overtime rate of pay.

55.     Plaintiff continues to work for Defendants in that capacity at the present time.

56.     From the beginning of his employment and continuing until in or about February 2017, Plaintiff worked four (4) days per week, and his work schedule consisted of seven and one-half (7½) hours per day on Thursday, Saturday, and Sunday from 4:00 p.m. until 11:30 p.m., and eleven and one-half (11½) hours on Friday from 12:00 p.m. until 11:30 p.m.

57.     During this period, Plaintiff was not paid proper minimum wages. During this period, Plaintiff was paid at the rate of $200 per week straight time for all hours worked, and worked thirty-four (34) hours per week.

58.     Upon being re-hired on or about January 26, 2018 and continuing through the present time, Plaintiff works three (3) days per week, and his work schedule consists of seven and one-half (7½) hours per day Thursday through Saturday from 4:00 p.m. until 11:30 p.m.

59.     During this period, Plaintiff has not and is not being paid proper minimum wages. During this period, Plaintiff has been and continues to be paid at the rate of $200 per week straight time for all hours worked, and works twenty-two and one-half (22½) hours per week.

60.     Upon paying Plaintiff his wages each week, Defendants failed to provide Plaintiff with wage statements setting forth, among other things, Plaintiff's gross wages, deductions, and net wages.

61.     In or about February 2018, Defendants hired Plaintiff, SANTIAGO CORTES-DOMINGO, to work as a non-exempt cook and food preparer/kitchen worker at the Restaurant.

62.     At the time of his hire, Defendants failed to provide Plaintiff with a written wage notice setting forth, among other things, his regular hourly rate of pay and corresponding regular overtime rate of pay.

63.     Plaintiff continued to work for Defendants in that capacity until on or about March 15, 2018.

64.     Throughout the entirety of his employment, Plaintiff worked six (6) days per week (Sunday off), and his work schedule consisted of seven and one-half (7½) hours per day from 4:00 p.m. until 11:30 p.m.

65.     Throughout the entirety of his employment, Plaintiff was not paid proper overtime compensation. Throughout the entirety of his employment, Plaintiff was paid at the rate of $600 per week straight time for all hours worked, and worked forty-five (45) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

66.     Defendants failed to provide Plaintiff with wage statements setting forth, among other things, Plaintiff's gross wages, deductions, and net wages.

67.     In or about May 2017, Defendants hired Plaintiff, JESUS GUZMAN, to work as a non-exempt busboy and food runner at the Restaurant.

68.     Neither at the time of his hire, nor anytime thereafter, did Defendants provide Plaintiff with a written wage notice setting forth, among other things, his regular hourly rate of pay and corresponding regular overtime rate of pay

11

69.     Plaintiff continued to work for Defendants in those capacities until in or about July 2017.

70.     Throughout the entirety of his employment, Plaintiff worked four (4) days per week, and his work schedule consisted of seven (7) hours per day on Tuesday and Friday from 4:00 p.m. until 11:00 p.m., and twelve (12) hours per day on Saturday and Sunday from 11:00 a.m. until 11:00 p.m.

71.     Throughout the entirety of his employment, Plaintiff was not paid proper minimum wages.  Throughout the entirety of his employment, Plaintiff was paid at the rate of $200 per week straight time for all hours worked, and worked thirty-eight (38) hours per week.

72.     Upon paying Plaintiff his wages each week, Defendants failed to provide Plaintiff with wage statements setting forth, among other things, Plaintiff's gross wages, deductions, and net wages.

73.     Defendants are not entitled to take any "tip credits" under federal or state law because they: (i) failed to properly provide notice to all tipped employees, including Plaintiffs, that Defendants were taking a "tip credit," (ii) failed to provide proper wage statements informing tipped employees, including Plaintiffs, of the amount of "tip credit" taken for each payment period, (iii) failed to keep proper records showing the amount of tips received each day and each week by tipped employees, and (iv) caused their tipped employees to engage in non-tipped worked that exceeded 20% of their work shift, thereby rendering the "tip credit" inapplicable.

74.     Defendants knowingly and willfully operate their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs and other similarly situated employees.

75.     Defendants knowingly and willfully operate their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

76.     Defendants knowingly and willfully operate their business with a policy of not paying Plaintiffs and other similarly situated employees "spread of hours" premium for each day that they work a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

77.     At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient wage and hour records.

## COLLECTIVE ACTION ALLEGATIONS

78.     Plaintiffs bring this action individually and as class representatives on behalf of themselves and all other current and former non-exempt employees who have been or were employed by Defendants since April 26, 2015 (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage and/or less than time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

79.     The collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.  Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

80.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

81.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

82.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it

virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

83.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.  Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

    a.     Whether the Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

    b.     Whether the Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiffs and the Collective Action Members;

    c.     What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    d.     Whether the Defendants failed to pay Plaintiffs and the Collective Action Members statutory minimum wages;

    e.     Whether the Defendants failed to pay Plaintiffs and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

    f.     Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g.   Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

84.   Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

85.   Plaintiffs and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

86.   Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

87.   Plaintiffs bring their New York Labor Law claims on behalf of all employees who were employed by Defendants at any time since April 26, 2012 (the "Class Period") who were non-exempt within the meaning of the New York Labor Law and have not been paid statutory minimum wages, overtime compensation, and/or "spread of hours" premium in violation of the New York Labor Law (the "Class").

88.   The persons in the Class identified herein are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Class consists of all non-managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

89.     The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

90.     Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

91.     Plaintiffs have committed themselves to pursuing this action and have retained counsel experienced in employment law and class action litigation.

92.     Plaintiffs will fairly and adequately protect the interests of the NY Class members.  Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that they must consider the interests of the Class and Collective Action Members just as they would represent and consider their own interests, and that they may not favor their own interests over those of the Class or Collective Action Members.

93.     Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members.  Plaintiffs understand that in order to provide adequate representation, they must remain informed of litigation developments and they understand that they may be called upon to testify in depositions and at trial.

94.    Plaintiffs have the same interests in this matter as all other members of the Class and Plaintiffs' claims are typical of the Class.

95.    There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a.    Whether the Defendants employed Plaintiffs and the Class members within the meaning of the New York Labor Law;

b.    Whether the Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiffs and the Class members;

c.    What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.    Whether the Defendants failed to pay Plaintiffs and the Class members statutory minimum wages;

e.    Whether the Defendants failed to pay Plaintiffs and the Class members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

f.    Whether the Defendants failed to pay Plaintiffs and the Class members "spread of hours" premium for each day they worked a shift in excess of ten (10) hours, in violation of the New York Labor Law and the regulations promulgated thereunder;

g.      Whether the Defendants' violations of the New York Labor Law are willful as that terms is used within the context of the New York Labor Law; and,

h.      Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

96.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "95" of this Complaint as if fully set forth herein.

97.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

98.     At all relevant times, Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA.

99.     Upon information and belief, at least within each of the three (3) most recent years relevant to the allegations herein, LUNA PIENA has had gross revenues in excess of $500,000.

100.    Plaintiffs and the Collective Action Members worked hours for which they were not paid the statutory minimum wage.

19

101.    Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs and the Collective Action Members for hours worked.

102.    Defendants failed to pay Plaintiffs and the Collective Action Members minimum wages in the lawful amount for hours worked.

103.    Plaintiffs and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

104.    Defendants failed to pay Plaintiffs and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

105.    At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

106.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Collective Action Members at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiffs and the Collective Action Members.

107.    As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiffs and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

108.    Defendants failed to properly disclose or apprise Plaintiffs and the Collective Action Members of their rights under the FLSA.

109.    As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

110.    Due to the reckless, willful and unlawful acts of Defendants, Plaintiffs and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid minimum wages and unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

111.    Plaintiffs and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

112.    Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "111" of this Complaint as if fully set forth herein.

113.    Defendants employed Plaintiffs and the Class members within the meaning of New York Labor Law §§ 2 and 651.

114.     Defendants knowingly and willfully violated the rights of Plaintiffs and members of the Class by failing to pay them minimum wages in the lawful amount for hours worked.

115.     Defendants knowingly and willfully violated the rights of Plaintiffs and the Class members by failing to pay Plaintiffs and the Class members overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

116.     Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours.  New York State Department of Labor Regulations § 146-1.6.

117.     Defendants knowingly and willfully violated the rights of Plaintiffs and the Class members by failing to pay "spread of hours" premium to Plaintiffs and the Class members for each day they worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

118.     Defendants failed to properly disclose or apprise Plaintiffs and the Class members of their rights under the New York Labor Law.

119.     Defendants failed to furnish Plaintiffs and the Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

120.     Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all

employees, and other similar information in contravention of New York Labor Law §
661.

121.    Defendants failed to establish, maintain, and preserve for not less than six
(6) years payroll records showing the hours worked, gross wages, deductions, and net
wages for each employee, in contravention of the New York Labor Law § 194(4), and
New York State Department of Labor Regulations § 146-2.1.

122.    Neither at the time of their hiring, nor thereafter, did Defendants notify
Plaintiffs and the Class members of their rates of pay and their regularly designated
payday, in contravention of New York Labor Law § 195(1).

123.    Due to Defendants' New York Labor Law violations, Plaintiffs and the
Class members are entitled to recover from Defendants their unpaid minimum wages,
unpaid overtime compensation, and unpaid "spread of hours" premium, reasonable
attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor
Law §§ 663(1), 198.

124.    Plaintiffs and the Class members are also entitled to liquidated damages
pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated
damages pursuant to the New York State Wage Theft Prevention Act.

### PRAYER FOR RELEIF

**WHEREFORE**, Plaintiffs ROBERTO MAHUIZTL-ATILANO, MARGARITO
MARTINEZ-ORTEGA,    MARINO    GUZMAN,    JOSE    GALVEZ-CALIXTO,
SANTIAGO CORTES- DOMINGO, and JESUS GUZMAN, on behalf of themselves and
all similarly situated Collective Action Members and Class members, respectfully request
that this Court grant the following relief:

(a)    An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b)    An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c)    An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d)    An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e)    An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(f)    An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

(g)    An award of prejudgment and post-judgment interest;

(h)    An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(i)    Such other and further relief as this Court determines to be just and proper.

Case 1:18-cv-03689-AJN   Document 1   Filed 04/26/18   Page 25 of 31

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand

trial by jury on all issues.

Dated: New York, New York
April 26, 2018

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiffs*
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102

By: _____
        Giustino (Justin) Cilenti (GC2321)

**CONSENT TO SUE UNDER
FAIR LABOR STANDARDS ACT**

I, Roberto Mahuiztl _____, am an employee currently or

formerly employed by Luna Prena _____, and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
___3__/19_____ , 2018

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Margarito Martinez_, am an employee currently or

formerly employed by _Luna Piena_, and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_3/23_, 2018

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Marino Guzman_, am an employee currently or

formerly employed by _Luna Piena_, and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_3 - 19_ , 2018

_Mareno Guzman_

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _____Jose____Galvez_____, am an employee currently or

formerly employed by _____Luna Piena_____, and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_____3/19_____, 2018

**CONSENT TO SUE UNDER
FAIR LABOR STANDARDS ACT**

I, _Santiago Cortes_, am an employee currently or

formerly employed by _Luna Piena._, and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_3/19_, 2018

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Jesus Guzman_, am an employee currently or formerly employed by _Luna Piena_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_3/29/_, 2018