USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/20/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Roberto Mahuiztl-Atilano, *et al.*,

Plaintiffs,

–v–

Pio Restaurant, LLC, *et al.*,

Defendants.

18-cv-3689 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

Plaintiffs are former employees of Pio Restaurant, LLC, which does business in New York City as a restaurant. Plaintiffs allege that Pio Restaurant, LLC and its owner, Besim Kukaj, violated the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL). Though Defendants appeared in this action for some time, their counsel subsequently withdrew, and Defendants failed to obtain new counsel. Plaintiffs have thus moved for default judgment and attorney's fees. For the reasons that follow, Plaintiffs' motion is GRANTED.

## I. BACKGROUND

Plaintiffs are six former employees of Defendant Pio Restaurant, LLC, which does business as Luna Piena, a restaurant in New York City. *See* Compl. ¶¶ 5–8. Defendant Besim Kukaj is the owner of that restaurant. *Id.* ¶ 9. Plaintiffs worked in both tipped and non-tipped capacities as food runners, cooks, food preparers, kitchen helpers, dishwashers, busboys, and delivery workers. *Id.* ¶¶ 12–17. They mainly allege that they were paid less than the minimum wage and did not receive proper overtime compensation. *See id.* ¶¶ 30–33. For example, one Plaintiff, Margarito Martinez-Ortgea, was paid "$700 per week straight time for all hours

worked," but worked 72 hours per week and was not paid at the overtime rate for work performed above 40 hours. *Id.* ¶ 40. Plaintiffs further allege that Defendants "knowingly and willfully" failed to comply with the labor laws. *Id.* ¶¶ 75–77.

Plaintiffs filed this case in April 2018. *See* Dkt. No. 1. In July, Defendants appeared and filed an answer denying these allegations. Dkt. No. 14. And in September, the Court held a Rule 16 initial conference and then set the parties on a discovery schedule. *See* Dkt. No. 19 (Case Management Plan).

Soon after, however, defense counsel moved to withdraw. *See* Dkt. No. 20. Defense counsel represented that Defendants had stopped communicating with counsel and stopped paying them. Dkt. No. 20-1 at 3. Counsel further represented that Defendants owed them thousands of dollars in unpaid fees. *Id.* For these reasons, counsel argued that the attorney-client relationship had collapsed and withdrawal was justified. *Id.* at 3–4.

In October 2018, the Court granted defense counsel's motion to withdraw, stayed the case for 60 days, and afforded Defendants 60 days to retain new counsel. Dkt. No. 22. The Court made clear that if Defendants failed to retain new counsel—or, for the individual Defendant, inform the Court that he would proceed pro se—default judgment could be entered against them. *Id.* The Court further advised Defendants that "corporations must be represented by counsel." *Id.* The Court's October 2018 Order was served on Defendants. *See* Dkt. No. 23.

To date, neither Defendant has retained new counsel or otherwise appeared in this action. Kukaj also never informed the Court that he wished to proceed *pro se*. Plaintiffs thus moved to strike Defendants' answer, which the Court granted. Dkt. No. 34. Plaintiffs then moved for default judgment and for attorney's fees. In November 2019, the Clerk of Court entered a

certificate of default against Defendants. Dkt. No. 39. Plaintiffs' motion is now before the Court.

## II. LEGAL STANDRD

Once the Clerk of Court enters a defendant's default, the defendant is deemed to have admitted well-pleaded allegations about liability in the complaint. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Montcalm Publ'g Corp. v. Ryan*, 807 F. Supp. 975, 977 (S.D.N.Y. 1992). "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Labarbera v. ASTC Labs. Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (internal quotation marks and citation omitted); *see also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). In other words, "just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." *Mktg. Devs., Ltd. v. Genesis Imp. & Exp., Inc.*, 2009 WL 4929419, at *2 (E.D.N.Y. Dec. 21, 2009).

A party's default, moreover, "is not considered an admission of damages." *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158 (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)). Therefore, "[i]f the defaulted complaint suffices to establish liability, the court must conduct an inquiry sufficient to establish damages to a 'reasonable certainty.'" *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). A court may make this determination based upon evidence presented at an inquest hearing or upon a review of detailed affidavits and documentary evidence. *See* Fed. R. Civ. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991).

## III. DISCUSSION

### A. Plaintiffs' Allegations Support Liability

As noted, Plaintiffs bring claims under FLSA and NYLL. FLSA and NYLL require employers to pay their employees at or above the minimum wage, as well as overtime for work in excess of 40 hours in a given workweek at the rate of time and one-half the statutory minimum wage rate, or at time and one-half the employee's regular rate of pay if the earn above the statutory minimum. *See* 29 U.S.C. §§ 206(a), 207(a); N.Y. Lab. Law. §§ 652(1), 665(5)(b); 12 N.Y.C.R.R. §§ 145-1.2, 146-1.4. "To state an FLSA minimum wage or overtime compensation claim, a plaintiff must allege that she was the defendant's employee, that her work involved interstate activity, and that she worked an approximate number of hours for which she did not receive minimum or overtime wages." *Zhen Ming Chen v. Y Cafe Ave B Inc.*, 2019 WL 2324567, at *2 (S.D.N.Y. May 30, 2019).

First, Plaintiffs' allegations are sufficient to establish an employment relationship for FLSA purposes. The Second Circuit "has treated employment for FLSA purposes as a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013). The Circuit has thus instructed that "the determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in 'economic reality rather than technical concepts.'" *Id. (quoting Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961)). This "economic reality" test applies equally to employee and employer determinations. *Id.* With respect to determining whether an individual is an employee for FLSA purposes, "[t]he ultimate concern is whether, as a matter of economic reality, the workers depend upon someone else's business for the opportunity to render service or are in business for themselves." *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1059 (2d Cir. 1988). There is likewise no "rigid rule for the identification of an

FLSA employer." *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 143 (2d Cir. 2008). Rather, courts look to various factors to determine the degree of formal or functional control over a worker. *See id.* "Control may be restricted, or exercised only occasionally, without removing the employment relationship from the protections of the FLSA, since such limitations on control 'do[] not diminish the significance of its existence.'" *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (quoting *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)). "An employee may simultaneously have multiple 'employers' for purposes of determining responsibility under the FLSA," and "joint employers . . . may be held jointly and severally liable for FLSA violations." *Lu Nan Fan v. Jenny & Richard's Inc.*, 2019 WL 1549033, at *5 (E.D.N.Y. Feb. 22, 2019), *report and recommendation adopted*, 2019 WL 1547256 (E.D.N.Y. Apr. 9, 2019).

Based on their positions and the tasks that they performed, Plaintiffs have sufficiently established that they "depend[ed] upon someone else's business for the opportunity to render service" and were not "in business for themselves." *Brock*, 840 F.2d at 1059. All six Plaintiffs were employed by Defendants as food runners, cooks, food preparers, kitchen helpers, dishwashers, busboys, and delivery workers. Compl. ¶¶ 25–72. And their responsibilities at work did not include discretion or independent judgment. *See id.* Their allegations are thus sufficient to establish that they are employees for FLSA purposes.

The allegations in the Complaint are also "sufficient to find that defendants were plaintiff[s'] joint 'employers' under the FLSA." *Lu Nan Fan*, 2019 WL 1549033, at *7. The corporate Defendant operates a restaurant in Manhattan. Compl. ¶ 8. The individual Defendant, Kukaj, possess operational control and ownership interests in and control significant functions of the corporate Defendant. *Id.* ¶ 24. The Defendants pay employees by the same method and

share control over them. *Id.* They control Plaintiffs' working conditions and set employment and compensation practices that apply to all Plaintiffs. *Id.* These allegations are sufficient to establish that they jointly controlled Plaintiffs such that they were joint employers for FLSA purposes.

Second, Plaintiffs' allegations are sufficient to establish that Defendants' business involved interstate activities. "An employee is covered by the FLSA if she is 'employed in an enterprise engaged in commerce or in the production of goods for commerce.'" *Zhen Ming Chen*, 2019 WL 2324567, at *2 (citing 29 U.S.C. §§ 206(a), 207(a)(1)). An enterprise is engaged in commerce if its employees handle, sell, or otherwise work on "goods or materials that have been moved in or produced for commerce by any person; and . . . whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A). Plaintiffs allege that Luna Piena had a gross annual volume of sales of at least $500,000, Compl. ¶ 11, and that it was involved in interstate commerce, including by using goods that came from outside New York, *id.* ¶¶ 11, 97.

Third, Plaintiffs have sufficiently established that they worked hours for which they did not receive minimum and overtime wages. A FLSA minimum wage claim arises when a plaintiff's "average hourly wage falls below the federal minimum wage." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 115 (2d Cir. 2013). "To state a FLSA minimum wage claim, it is sufficient for a plaintiff to allege facts about her salary and working hours, such that a simple arithmetical calculation can be used to determine the amount owed per pay period." *Tackie v. Keff Enterprises LLC*, 2014 WL 4626229, at *3 (S.D.N.Y. Sept. 16, 2014). FLSA also requires that an employee be compensated for overtime at one and a half times the regular rate of pay for any hours worked over 40 in a week. 29 U.S.C. § 207(a)(1). Accordingly, "[t]o plead a

plausible FLSA overtime claim, Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 199–201 (2d Cir. 2013). "Plaintiffs have . . . attested to the number of hours they worked—including the number of overtime hours, and the amount for which they were compensated—which is sufficient to establish Defendants' liability for the FLSA minimum wage and overtime claims." *Yunjian Lin v. Grand Sichuan 74 St. Inc.*, 2019 WL 3409892, at *4 (S.D.N.Y. July 29, 2019). Plaintiffs' allegations sufficiently establish FLSA minimum-wage and overtime violations with respect to Roberto Mahuiztl-Atilano, Margarito Martinez-Ortega, Marino Guzman, Jose Galvez-Calixto, Santiago Cortes-Domingo, and Jesus Guzman. Compl. ¶¶ 25–72.

For the same reasons, the Court finds that Plaintiffs' allegations are sufficient to establish NYLL violations. The NYLL's definition of employee and employer are nearly identical as those under the FLSA. N.Y. Lab. Law §§ 651(5)-(6); *Garcia v. Badyna*, 2014 WL 4728287, at *6 (E.D.N.Y. Sept. 23, 2014). Likewise, the NYLL's minimum wage and overtime provisions mirror those of the FLSA. *See Reyes v. Lincoln Deli Grocery Corp.*, 2018 WL 2722455, at *5-6 (S.D.N.Y. June 5, 2018); *see also* N.Y. Lab. Law § 652; N.Y. Lab. Law § 190 *et seq.*; 12 NYCRR § 142-2.2. The Court thus also finds that Plaintiffs' allegations are sufficient to establish the Defendants' liability for NYLL minimum wage and overtime violations.

Moreover, under New York law, when the spread of hours, *i.e.* the period of time worked in a given day, exceeds 10 hours, an employee must be paid "one hour's pay at the basic minimum hourly wage rate," in addition to his otherwise-required wages. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4. Plaintiffs allegations sufficiently establish that they are entitled to spread-of-hours compensation for days in which they worked a "spread of hours" in excess of

ten and did not receive any additional compensation. *See* Dkt. No. 44 ¶ 47. In sum, Plaintiffs' allegations are sufficient to establish liability under both FLSA and NYLL.

**B. Evidence in Support of Damages**

Having established liability, the "sole remaining issue before the court is whether the plaintiff has provided adequate support for the relief it seeks." *Bleecker v. Zetian Sys., Inc.*, 2013 WL 5951162, at *6 (S.D.N.Y. Nov. 1, 2013) (citing *Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997)). "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Rather, "to secure a default judgment for damages, the plaintiff must produce evidence sufficient to establish her damages with reasonable certainty." *Tackie*, 2014 WL 4626229, at *1 (internal quotation marks omitted).

To determine the damages owed, "[c]ourts often conduct an inquest hearing, but such a hearing is not required." *Reyes*, 2018 WL 2722455, at *2. "[Federal] Rule [of Civil Procedure] 55(b)(2) and relevant case law give district judges much discretion in determining when it is 'necessary and proper' to hold an inquest on damages." *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (quoting *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993)).

Here, Plaintiffs have submitted an extensive damages calculation. Specifically, Plaintiffs have provided charts setting out the damages to which they believe they are entitled. *See* Dkt. No. 44-4. These charts include information such as the particular hours a Plaintiff worked in a week, the amount he was paid, and the amount he was actually owed had Defendants complied

with their obligations under the labor laws to pay minimum wage and overtime. This damages calculation demonstrates that plaintiffs' are entitled to $354,856.50 in unpaid minimum wages, overtime compensation, and spread-of-hours premium, and the same amount in liquidated damages. *Id.* "Together with their unpaid wages, liquidated, and statutory damages, plaintiffs are entitled to damages in the total amount of $756,713." Cilenti Decl. ¶ 51.

This detailed damages calculation is sufficient on this posture to determine damages, and no inquest is required. Indeed, in a similar case, the Court did not a hold a hearing because "Plaintiff ha[d] provided a chart setting out the damages, fees, and costs that Plaintiff believes he is entitled to recover, and he has provided an explanation of the legal basis for those awards." *Yascaribay v. Jon 2, LLC*, 2018 WL 2465380, at *2 (S.D.N.Y. June 1, 2018). The same is true here. Nor does "Plaintiffs' proffered evidence reveal[] multiple errors." *Cf. Cazares v. 2898 Bagel & Bakery Corp*, 2020 WL 2832766, at *6 (S.D.N.Y. May 31, 2020). To the contrary, the detailed damages calculation is comprehensive and accurately reflects the allegations in the Complaint. *See* Dkt. No. 44-4. In sum, Plaintiffs have provided adequate evidence that they should be awarded $769,713 in damages. *See* Cilenti Decl. ¶ 51; *Tackie*, 2014 WL 4626229, at *1.

**C. Attorney's Fees and Costs**

Both the FLSA and the NYLL allow a prevailing plaintiff to recover reasonable attorney's fees and costs. 29 U.S.C. § 216(b); N.Y. Lab. Law § 198(1). "District courts enjoy broad discretion when setting a fee award, but they must clearly and concisely state reasons supporting the award." *Tackie*, 2014 WL 4626229, at *6 (S.D.N.Y. Sept. 16, 2014). Courts generally adopt a lodestar approach to calculate attorney's fees, "which is the product of the prevailing market rate for lawyers in the district and the number of hours a reasonable attorney would spend to litigate the case effectively." *Id.* (collecting cases). The plaintiff has the burden

to produce "contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." *Scott v. City of N.Y.*, 626 F.3d 130, 133-34 (2d Cir. 2010) (citation omitted).

Here, Plaintiff's counsel, Justin Cilenti, has requested an hourly rate of $400 for the work he performed on this case. Cilenti Decl. ¶ 54-55; Dkt. No. 44-5. The Court evaluates the reasonableness of a requested hourly rate by considering the prevailing market rate in this District. *Anthony v. Franklin First Fin. Ltd.*, 844 F. Supp. 2d 504, 507 (S.D.N.Y. 2012). As a partner in his law firm with ten years of experience litigating wage-and-hour cases, Cilenti has requested an hourly rate consistent with the prevailing market rate in this District for lawyers in wage-and-hour cases with similar levels of experience. *See, e.g., Yuquilema v. Manhattan's Hero Corp.*, 2014 WL 4207106, at *14 (S.D.N.Y. Aug. 20, 2014) ("Courts in this District have determined in recent cases that a fee ranging from $250 to $450 is appropriate for experienced litigators in wage-and-hour cases."); *Surdu v. Madison Glob., LLC*, 2018 WL 1474379, at *10 (S.D.N.Y. Mar. 23, 2018) ("Courts of this Circuit commonly allow for hourly rates of $300 to $400 for experienced attorneys or partners in FLSA and NYLL wage-and-hour cases."). Therefore, the Court concludes that the rate requested by Cilenti is reasonable. Similarly, Plaintiff counsel's requested rate of $100 per hour for their paralegal is reasonable. In addition, Cilenti has also provided contemporaneous billing records for 37.1 hours of work, representing work done both by himself and the firm's paralegal. Dkt. No. 44. The time entries are clear, appropriate for a wage-and-hour case like this one, and do not reflect duplicative or unnecessary billing. Plaintiff counsel's proposed fees are thus reasonable. *See Tackie*, 2014 WL 4626229, at *6 (S.D.N.Y. Sept. 16, 2014).

Plaintiff's counsel also seeks $595.23 in costs, primarily for filing fees and service of process. These limited costs are also reasonable and the Court approves them. *See Collado v. Donnycarney Rest. L.L.C.*, 2015 WL 4737917, at *14 (S.D.N.Y. Aug. 10, 2015) (collecting cases). In sum, the Court awards $12,620 in fees and $595.23 in costs.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs' motion for default judgment is hereby GRANTED. The Clerk of Court is respectfully ordered to enter judgment in Plaintiffs' favor against Defendants in the amount of $354,856.50 in unpaid minimum wages, overtime compensation, and spread-of-hours premium, together with liquidated damages in the amount of $354,856.50, statutory damages in the amount of $60,000, and attorney's fees and costs in the amount of $13,215.23, amounting in total to $782.928.23.

The Clerk of Court is respectfully directed to close this case. Plaintiffs are directed to mail a copy of this Opinion and Order to the defaulting Defendants and to the New York Secretary of State.

SO ORDERED.

Dated: November 20, 2020
New York, New York

ALISON J. NATHAN
United States District Judge